IN THE DISTRICT COURT IN AND FOR MAYES COUNTY
STATE OF OKLAHOMA

FILED IN THE DISTRICT COURT
MAYES CO. OKLAHOMA
AUG 15 2016
RITA HARRISON, COURT CLERK
BY_____ DEPUTY

JAMES G. CAMPBELL, )
      Plaintiff, )
       )
vs. ) Case No.
       ) CJ-16-131
TRANSWOOD INC., a foreign for profit )
business corporation registered in the )
State of Oklahoma, )
      Defendant. )

## PLAINTIFF'S PETITION

COMES NOW the Plaintiff, James G. Campbell ("Campbell"), and for his cause of action against the Defendant, Transwood Inc. ("Transwood"), a foreign for profit business corporation registered in the State of Oklahoma, and alleges and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff, James G. Campbell, is and was at all times referenced herein, an individual living in the City of Claremore, County of Rogers, State of Oklahoma.

2. Defendant Transwood Inc. is a foreign for profit business corporation registered in the State of Oklahoma which has a physical place of business operating in the City of Pryor, County of Mayes, State of Oklahoma.

3. The events described hereinafter occurred in the City of Pryor, County of Mayes, State of Oklahoma.

4. The jurisdiction of this Court is properly invoked pursuant to Title VII of the Civil Rights Act of 1964 ["Title VII," 42 USC 2000e *et seq.*] as amended and the Age Discrimination in Employment Act ["ADEA," 29 USC §621 *et seq*].

5. Jurisdiction to grant injunctive and declaratory equitable relief as well as damages



is invoked pursuant to the Acts cited above.

6. The amount of damages in controversy exceeds $75,000.00.

7. Plaintiff has exhausted his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ["EEOC"] on or about September 17th, 2015 alleging age discrimination.

8. Plaintiff received a "Right to Sue" letter, dated on or about May 19th, 2016.

9. Plaintiff is filing this Complaint in a timely manner in accordance with the law.

## FACTUAL ALLEGATIONS

10. The previous paragraphs and the allegations contained therein are hereby incorporated by reference.

11. Campbell was employed by Transwood as a Terminal Manager operator from August 8th, 1994 until his termination on or about April 14th, 2015.

12. On the day of his termination, Campbell was approached by his supervisor, William Sawin ("Sawin"), Vice President of Operations and told that he was going to be retiring.

13. Upon inquiring about the reason for being forced into retirement, Sawin told Campbell "it is your time."

14. At all times relevant, Campbell was qualified and desirous to be employed by Transwood.

15. Campbell (DOB: 9/27/50) is a 65 year old male.

16. Campbell had not received any discipline prior to or leading up to his dismissal.

## LEGAL CAUSES OF ACTION

### I. Age Discrimination – Pursuant to Title VII and the ADEA

17. The previous paragraphs and the allegations contained therein are hereby incorporated by reference.

18. Campbell was forced to "retire" even though he did not ask to do so nor was it his desire.

19. Campbell's age was the basis, or significant factor, of his termination by Transwood.

20. At the time of his termination, Campbell was over 40 years of age, to wit: 65 years.

21. The person hired by Transwood to replace Campbell is significantly younger.

### II. Defendant violated its Fiduciary Duty to Plaintiff pursuant to the Employee Retirement Income Security Act ("ERISA), 29 U.S.C. §1001 *et. seq.*

22. The previous paragraphs and the allegations contained therein are hereby incorporated by reference.

23. Campbell was at all times relevant an "employee" according to the definition provided by ERISA.

24. Transwood was at all times relevant an "employer" according to the definition provided by ERISA.

25. Campbell was a covered plan participant under Transwood's group medical plan (the "Plan").

26. Campbell's spouse was a covered plan participant of Transwood's Plan.

27. Transwood's Plan was subject to ERISA.

28. Transwood terminated Campbell, in part, because of its concern for its financial liability from Plaintiff's age related healthcare expenses.

29. Transwood terminated Campbell, in part, because of its concern for its financial liability from Campbell's spouse.

30. Transwood owed a fiduciary duty to Campbell and his spouse.

31. Transwood breached its fiduciary duty to Campbell and his spouse.

## DAMAGES

32. The previous paragraphs and the allegations contained therein are hereby incorporated by reference.

33. Transwood knew, or should have known, that its actions were unlawful.

34. Transwood did act willfully and with reckless indifference to Campbell's well-being and his right to be free from discrimination.

35. Transwood's actions directly and proximately caused the following damages to Campbell:

a. *economic damages* - including, but not limited to, past and future lost wages, loss of benefits such as healthcare, pension, bonuses, training, promotions; and consequential damages as may be proven.

b. *non-economic damages* – including, but not limited to, emotional and psychological damage from the embarrassment, distress, offense, pain and suffering; and exemplary and punitive damages to the extent as may be allowed by law.

## JURY DEMAND

Campbell does NOT demand a jury trial.

## RELIEF SOUGHT

WHEREFORE Plaintiff prays that this Honorable Court grant the following requested relief:

a. Actual and consequential damages as may be proven, including pre- and post-judgment interest, in an amount exceeding $75,000.

b. The maximum allowable amount of mental pain and suffering and/or exemplary damages due to Defendant's conduct.

c. Punitive damages as allowed by law.

d. Costs, interest, and attorney fees.

e. Additional relief, including but not limited to, declaratory and injunctive relief in the maximum amount allowed by law or equity and as deemed appropriate by the Court.

Respectfully submitted,

Ivan Randall Orndorff Jr.  # 30665
406 South Boulder, Suite 712
Tulsa, Oklahoma 74103
Tel: 918.583.6394
Fax: 918.582.6106
ivan@orndorfflaw.com

[VERIFICATION ATTACHED]

## VERIFICATION

STATE OF OKLAHOMA    )
                     )
COUNTY OF TULSA      )

JAMES CAMPBELL, the Petitioner in the foregoing *Petition*, of lawful age and first being duly sworn, on oath, states that he has read said Petition, that he is familiar with the contents thereof, and that the allegations set forth therein are true and correct to the best of his knowledge and belief.

_____
JAMES G. CAMPBELL

Subscribed and sworn to before me this 10th day of August 2016.

_____
Notary Public

Ryan Lucas Payne
Notary Public in and for
STATE OF OKLAHOMA
Commission #12001251

Commission No.: 12001251

My Commission Expires: 2/6/20